**CORRECTED**

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-60604
Summary Calendar

_____

JOHNNY K. BROWN,

                              Plaintiff-Appellant,

versus

TOWER LOAN OF MISSISSIPPI, INC. ,

                              Defendant-Appellee.

_____

Appeal from the United States District Court for the
Southern District of Mississippi
(5:96-CV-73BrS)
_____
March 17, 1998

Before JOLLY, BENAVIDES, and PARKER, Circuit Judges.

PER CURIAM:[*]

The appellant, Johnny K. Brown, appeals from an adverse

summary judgment dismissing his claim of age discrimination

brought pursuant to the Age Discrimination in Employment Act of

1967, as amended, 29 U.S.C. §§ 621-34  After a <u>de novo</u> review of

the summary judgment record, we affirm.

Brown was terminated from his employment with Tower Loan of

Mississippi, Inc., five weeks after he was hired.  He was forty-

_____

[*]  Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

five (45) years old both at the time he was hired and at the time he was terminated.  Brown attempts to overcome the legitimate non-discriminatory reasons advanced for his discharge with a claim of pretext based upon a stray remark ("you just can't teach old dogs new tricks") made by a supervisor who was not involved in the decision to terminate him and after the decision to terminate Brown had been made.  That stray remark is woefully inadequate to create an issue of fact with respect to the appellee's articulated non-discriminatory reasons for discharging Brown.  See Waggoner v. City of Garland, 987 F.2d 1160, 1166 (5th Cir. 1993).  For essentially this reason and as further explained in the Memorandum Opinion and Order of the district court, dated July 30, 1997, the judgment of the district court is AFFIRMED.